```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
Veronica Eshelby, individually and on behalf of
all others similarly situated,

                              Plaintiff,

-against-

L'Oréal USA, Inc.,

                              Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  3/27/2023
```

22 Civ. 1396 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Veronica Eshelby, brings this putative class action against Defendant, L'Oréal USA, Inc. ("L'Oréal"), alleging that: (1) L'Oréal's product labels violate the state consumer protection laws of forty-four states, including California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, and California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750; (2) L'Oréal has breached an express warranty and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*;[1] (3) L'Oréal has made negligent misrepresentations; and (4) L'Oréal has been unjustly enriched. Am. Compl. ¶¶ 59, 70–71, 80, 92–97, 102, 115–17, 123–26, 131–37, 140–41, ECF No. 21. Eshelby also requests injunctive relief. *Id.* at 32. L'Oréal moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 35; *see also* Def. Mem., ECF No. 36. For the reasons stated below, L'Oréal's motion to dismiss is GRANTED.[2]

---

[1] Eshelby has withdrawn her claims under the Magnusson-Moss Warranty Act. *See* Pl. Opp. at 27 n.12, ECF No. 41. Her claims under the Magnusson-Moss Warranty Act are, therefore, DISMISSED without prejudice.

[2] L'Oréal's request for oral argument, ECF No. 35 at 1, is DENIED.

**BACKGROUND**[3]

In 2021, Eshelby bought L'Oréal Ever Pure Shampoo, L'Oréal Sleek It Iron Straight Heatspray, L'Oréal Elvive Total Repair 5 Power Restore Treatment, and L'Oréal Voluminous Original Mascara. Am. Compl. ¶ 52. She repurchased these products every two to three months throughout 2021 in Walmart and Target stores and on Amazon.com. *Id.* ¶ 53. Each of these products prominently displays the word "Paris" on the front of the packaging and contains French-language text. *Id.* ¶¶ 2–3, 54–55. These products state in fine print on the back or side of the packaging that they are manufactured in the United States or Canada. *Id.* ¶¶ 42, 45, 55. Eshelby relied on the front of the packaging, did not notice the fine print, and believed that these products were manufactured in France. *Id.* ¶¶ 55–58. Eshelby would not have purchased these products at their current price point had she known they were not manufactured in France. *Id.* ¶¶ 4, 56–58.

L'Oréal makes cosmetic products in addition to the four that Eshelby purchased, the labels of which also prominently display the word "Paris" and include French-language text, *id.* ¶¶ 2–3, 28, 30, and which are manufactured and sold in the United States and Canada, *id.* ¶¶ 5, 34. L'Oréal uses the word "Paris" in its advertisements. *Id.* ¶¶ 31–32. The word "Paris" is part of L'Oréal's brand name, "L'Oréal Paris." *Id.* ¶ 41.

Eshelby alleges that American consumers associate French products with high quality and luxury such that consumers are willing to pay a premium for French products. *Id.* ¶¶ 1, 13–16, 24. She claims that, because other cosmetic products sold in the United States that display the word "Paris" are manufactured in France, American consumers may reasonably

---

[3] The following facts are taken from the complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).

believe that L'Oréal's products, which display the word "Paris" and contain French-language text, were also manufactured in France. *Id.* ¶¶ 17–23, 36–38. Eshelby alleges that L'Oréal's intent in using the word "Paris" and French-language text on its product packaging is to induce consumers to believe, erroneously, that its products are manufactured in France. *Id.* ¶¶ 1, 3–4, 46. L'Oréal does not use the word "Paris" in contexts other than its advertisements and product packaging, such as on the walls of its headquarters or manufacturing plants. *Id.* ¶¶ 39–40. Eshelby claims that she and other consumers across the country have been misled by L'Oréal's packaging, that L'Oréal's labeling has artificially increased demand for its products, and that consumers have paid a premium for these products because they believed the products were manufactured in France. *Id.* ¶ 49.

On February 18, 2022, Eshelby brought this action on behalf of herself and all others who purchased L'Oréal products in the United States. ECF No. 1; *see also* Am. Compl. ¶¶ 59, 70–71, 80, 92–97, 102, 115–17, 123–26, 131–37, 140–41. On March 18, 2022, she amended her complaint. Am. Compl. Eshelby has not yet moved for class certification. On May 24, 2022, L'Oréal moved to dismiss the amended complaint for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b). ECF No. 35; *see also* Def. Mem.

**DISCUSSION**

I. Motion to Dismiss

A. Legal Standards

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility depends on "the full factual picture presented by the complaint,

the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (quoting *L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011)).  A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions," and must provide more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*  The Court must accept the allegations in the pleadings as true and draw all reasonable inferences in favor of the non-movant. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  But, general or conclusory allegations need not be credited. *See Twombly*, 550 U.S. at 555; *Fermin v. Pfizer Inc.*, 215 F. Supp. 3d 209, 211 (E.D.N.Y. 2016).

To state a claim under the UCL, FAL, or CLRA, a plaintiff must plead that allegedly deceptive advertisements were likely to mislead a significant number of reasonable consumers. *Jessani v. Monini N. Am., Inc.*, 744 Fed. App'x 18, 19 (2d Cir. 2018); *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018); *Fink*, 714 F.3d at 741.  To state a claim for breach of an express warranty, negligent misrepresentation, or unjust enrichment premised on the assertion that a defendant's labeling is materially misleading, a plaintiff must also allege that the labeling "would be likely to deceive or mislead a reasonable consumer." *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 165 (S.D.N.Y. 2021).  Context, including the presence of disclaimers, is crucial in determining whether a reasonable consumer would be misled by a particular advertisement. *Mantikas*, 910 F.3d at 636; *Fink*, 714 F.3d at 742.  It is well settled that a court may determine as a matter of law that an advertisement would not have misled a

reasonable consumer. *Jessani*, 744 Fed. App'x at 19; *Fink*, 714 F.3d at 741; *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 241 (S.D.N.Y. 2020).

Additionally, in order to sustain a claim for negligent misrepresentation, a plaintiff must allege that the defendant made a false or inaccurate statement or omission. *Jessani v. Monini N. Am., Inc.*, No. 17 Civ. 3257, 2017 WL 11614447, at *2 (S.D.N.Y. Aug. 3, 2017), *aff'd*, 744 Fed. App'x 18 (2d Cir. 2018); *see also Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012); *Twohig*, 519 F. Supp. 3d at 166. To sustain a claim for breach of an express warranty, a plaintiff must point to a specific, express statement that is false or misleading and that a reasonable consumer can interpret as a material claim about the product. *Twohig*, 519 F. Supp. 3d at 167 (citations omitted); *see also Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014) (collecting cases). And, a claim for unjust enrichment cannot be sustained if it is duplicative of negligent misrepresentation and breach of warranty claims. *Twohig*, 519 F. Supp. 3d at 168 (collecting cases).

Finally, standing challenges brought under Rule 12(b)(6) should be analyzed as if they were properly brought as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Lugones*, 440 F. Supp. 3d at 237 (citing *All. For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006)). To resolve a facial challenge, or one based solely on the allegations of the complaint, a court must determine whether the complaint itself alleges facts that establish subject matter jurisdiction. *Id.* (citing *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016); and *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam)). In order to establish standing to obtain injunctive relief, a plaintiff must show that there is a likelihood that she will be injured in the future. *Id.* at 238 (citing *Carver v. City of New*

*York*, 621 F.3d 221, 228 (2d Cir. 2010) and *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004)). There must be a "substantial risk" of future injury, or the threatened injury must be "certainly impending." *Id.* (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)). A plaintiff's alleged intent to purchase a product—were the product altered to cure the infirmity—is insufficient to show an impending future injury. *Id.* at 238–39 (citing *Holve v. McCormick & Co., Inc.*, 334 F. Supp. 3d 535, 553 n.10 (W.D.N.Y. 2018) (collecting cases) and *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016)).

    B. Analysis

L'Oréal argues that Eshelby has not plausibly pleaded that reasonable consumers are likely to be misled by L'Oréal's product packaging. *See* Def. Mem. at 4–13. The Court agrees. First, Eshelby alleges that some of the allegedly misleading products do not contain French-language text on the packaging and are, therefore, misleading solely because the word "Paris" appears on the packaging.[4] *See, e.g.*, Am. Compl. ¶ 30; *see also* Kao Decl. Ex. A, ECF No. 37-1 (depicting the product label for L'Oréal Paris Sleek It Iron Straight Heatspray, which does not contain French-language text); Kao Decl. Ex. C, ECF No. 37-3 (depicting the product label for L'Oréal Paris Elvive Total Repair 5 Power Restore, which does not contain French-language text). As a matter of law, a mere reference to Paris is insufficient to deceive a reasonable consumer regarding the manufacturing location of a product. *See Maeda v. Kennedy Endeavors, Inc.*, 407 F. Supp. 3d 953, 972 (D. Haw. 2019) ("The word 'Hawaiian,' combined with a single

---

[4] The Court shall also consider the labels on the four products Eshelby bought, which L'Oréal attached to a declaration in support of its motion to dismiss, Kao Decl., ECF No. 37, and of which L'Oréal previously asked the Court to take judicial notice, *see* ECF No. 32. Eshelby does not dispute the accuracy of the labels. On a motion to dismiss, the Court may consider documents attached to, incorporated by reference, or integral to the complaint, including product labels and packaging referenced in and relied on in the complaint. *See Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 673 (E.D.N.Y. 2017); *Waldman v. New Chapter, Inc.*, 714 F. Supp. 2d 398, 400 n.1 (E.D.N.Y. 2010). Eshelby alleges that the product labels for these four products—and, indeed, all "L'Oréal Paris" products—are misleading, *see generally* Am. Compl.; accordingly, the Court shall consider the actual labels.

Hawaiʻi-related image simply could not deceive a reasonable consumer about the origin of the Hawaiian Snacks." (emphasis omitted)); *Broomfield v. Craft Brew Alliance, Inc.*, No. 17 Civ. 1027, 2017 WL 3838453, at *6 (N.D. Cal. Sept. 1, 2017) ("[M]erely referencing Hawaii and its culture on the packaging is not enough on its own to confuse a reasonable consumer regarding the origin of the beer."); *Dumas v. Diageo PLC*, No. 15 Civ. 1681, 2016 WL 1367511, at *3 (S.D. Cal. Apr. 6, 2016) ("The mere fact that the word[s] 'Jamaica' and 'Jamaican' appear on the packaging is not sufficient to support a conclusion that consumers would be confused regarding the origin . . . of the beer.").

Further, Eshelby acknowledges that "Paris" is part of the brand name, "L'Oréal Paris." Am. Compl. ¶ 41. The company was founded in Paris, and its global headquarters is still located in Paris. *See* Def. Mem. at 13. The word "Paris" always appears in stylized text underneath the word "L'Oréal," in the same font and color as the word "L'Oréal," such that a reasonable consumer would understand that "Paris" is part of the brand name "L'Oréal Paris." *See* Am. Compl. ¶ 42; Kao Decl. Ex. A; Kao Decl. Ex. B, ECF No. 37-2; Kao Decl. Ex. C; Kao Decl. Ex. D, ECF No. 37-4. L'Oréal has a right to use its brand name to correctly indicate that its products belong to the L'Oréal Paris brand. *See Culver v. Unilever United States, Inc.*, No. 19 Civ. 9263, 2021 WL 2943937, at *8 (C.D. Cal. June 14, 2021), *appeal dismissed*, No. 21 Civ. 55732, 2021 WL 6424469 (9th Cir. Dec. 29, 2021); *see also Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 391 (E.D.N.Y. 2017) (finding that allusions to a company's actual country of origin are not misleading, particularly where the packaging contains a disclaimer as to country of manufacture). And, although a reasonable consumer may infer from the brand name that the company originated in Paris, a reasonable consumer would not also conclude that a particular

7

product is manufactured in Paris, or elsewhere in France—particularly because each product also contains a disclosure on the back label stating the manufacturing location.  *See* Am. Compl. ¶¶ 42, 55; Kao Decl. Ex. A; Kao Decl. Ex. B; Kao Decl. Ex. C; Kao Decl. Ex. D; *cf. Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 467–69 (S.D.N.Y. 2020) (denying motion to dismiss where packaging said "Belgium 1926," packaging and advertising described the product as "Belgian chocolates," and there was no disclosure of manufacturing location on the packaging).

Eshelby contends that reasonable consumers should not be expected to look for disclaimers correcting misleading representations on the front of the label, Pl. Opp. at 12, but the front label on the products Eshelby purchased do not make any actual representations about country of manufacture; rather, Eshelby inferred from the word "Paris" and the French-language text that the products were manufactured in France, *see, e.g.*, Am. Compl. ¶ 17.  The front label is not so misleading that a reasonable consumer who cared about the country of manufacture should not be expected to look at the full packaging for a disclaimer, which was clearly and correctly provided on the labels of each product Eshelby purchased.  *See Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 675 (E.D.N.Y. 2017); *Culver*, 2021 WL 2943937, at *9.

Even for the products that contain French-language text, the facts alleged here do not plausibly state a claim for relief.  Eshelby claims that French cosmetics sold in the United States contain the word "Paris" and French-language text, such that consumers reasonably assume that products with similar packaging are also manufactured in France.  Am. Compl. ¶¶ 17–23.  Eshelby provides as examples two French skincare products—the Caudalie Premier Cru La Crème and the Clarins Multi-Active Nuit—which contain the word "Paris" and French-language text on the packaging, and which are manufactured in France.  *Id.* ¶¶ 17–23.  Eshelby

8

generalizes, based on these two examples, that it is common practice in the cosmetics industry for products manufactured in France to contain the word "Paris" and French-language text on the packaging. *Id.* ¶¶ 17–23, 52. Eshelby does not allege that the examples she points to are comparable to the haircare and makeup products she actually purchased, *i.e.* in terms of retailers, price point, or target audience. And, the French products she points to actually cut against her claims. These products display product names in French, and the French-language descriptions precede the English translations. *Id.* ¶¶ 18, 22. By contrast, the products Eshelby purchased display product names in English which are not translated into French, as well as English product descriptions preceding French translations where the English text is often in larger or bolded font compared to smaller, unbolded French-language text. *See* Kao Decl. Ex. B; Kao Decl. Ex. D. This contradicts Eshelby's assertion that she believed the products she purchased were "made and sold in France, for French consumers, and imported into the" United States. Am. Compl. ¶¶ 3, 5, 38.

Moreover, none of the text on the labels, either in English or in French, make any representation as to the country of manufacture, save for the English disclosures on the back of each label correctly stating the country where the product is made. *See* Kao Decl. Ex. B; Kao Decl. Ex. D; *see also Culver*, 2021 WL 2943937, at *8 ("[T]he allegedly misleading words[, including French-language text and the word 'Paris,'] do not by themselves actually indicate the country where the [p]roducts are manufactured . . . . Thus, the pleadings do not delineate a basis, other than unfounded supposition, for a consumer to believe that the [p]roducts were made in France."). The mere presence of words in a foreign language is insufficient to mislead a reasonable consumer. *See Culver*, 2021 WL 2943937, at *8; *Romero v. Tropicale Foods, LLC*, No. 21 Civ. 1165, 2021 WL 6751908, at *4–5 (C.D. Cal. Dec. 22, 2021) (finding that Spanish

9

product names and product descriptions in Spanish were insufficient to mislead a reasonable consumer because "[t]he phrases appear to be Spanish translations of English product descriptions," even though the English translations were in slightly smaller font, and some English text was not translated into Spanish).

Eshelby contends that her consumer survey evidence supports her claim that reasonable consumers would be misled by L'Oréal's product labels. Pl. Opp. 18–19; Cho Decl., ECF No. 41-1. Eshelby did not reference or rely on the results of this survey in drafting her complaint and did not attach any survey results to her complaint. The survey results, therefore, shall not be considered on a motion to dismiss. *See Atlas Partners, LLC v. STMicroelectronics, Int'l N.V.*, No. 14 Civ. 7134, 2015 WL 4940126, at *4 (S.D.N.Y. Aug. 10, 2015); *Nelson*, 246 F. Supp. 3d at 673. And, to the extent Eshelby requests leave to amend her complaint to add additional allegations about the results of this survey, Pl. Opp. at 19, such amendment would be futile. A plaintiff cannot rely solely on consumer surveys to state a claim. *See Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1231 (9th Cir. 2019); *Culver*, 2021 WL 2943937, at *12–13. More importantly, the defects in Eshelby's survey cannot salvage her claims. The survey only showed respondents the front of the product, which does not contain the disclaimer stating the country of manufacture, and the results omit responses stating that, based on the front label of the product, the respondent does not know where the product was manufactured. Cho Decl. ¶¶ 2, 4; *see Cheslow v. Ghirardelli Chocolate Co.*, 472 F. Supp. 3d 686, 695 (N.D. Cal. 2020) ("[T]he survey only showed respondents the front panel of the product . . . . By omitting the back panel, the survey deprived respondents of relevant information . . . . Because the survey . . . omit[s] the back panel . . . it cannot transform plaintiff[']s] unreasonable understanding

concerning [the product] into a reasonable one."); *see also Yu v. Dreyer's Grand Ice Cream, Inc.*, No. 20 Civ. 8512, 2022 WL 799563, at *7 (S.D.N.Y. Mar. 16, 2022).

For these reasons, Eshelby's claims under California law and her claims of breach of express warranty, negligent misrepresentation, and unjust enrichment are DISMISSED.[5] Additionally, Eshelby's claims on behalf of the putative class are DISMISSED. A plaintiff cannot claim injury from products she did not purchase unless the claims brought by a purchaser of such products would raise a "nearly identical" set of concerns. *DiMuro v. Clinique Lab'ys, LLC*, 572 Fed. App'x 27, 29 (2d Cir. 2014) (citation omitted). The products Eshelby complains of are widely variable. They contain varying amounts of French-language text, if any; the size of the packaging, the amount of text, the font type and size, and the location and size of the brand name varies across products; and the products themselves range from haircare to skincare to makeup. *See* Am. Compl. ¶¶ 3, 28, 30, 42, 52; Kao Decl. Ex. A; Kao Decl. Ex. B; Kao Decl. Ex. C; Kao Decl. Ex. D. Each of these products contains different labels, different product claims, and different packaging, such that there is not sufficient identity between Eshelby's individual claims and the claims brought on behalf of the putative class. *See DiMuro*, 572 Fed. App'x at 29; *Housey v. Procter & Gamble Co.*, No. 21 Civ. 2286, 2022 WL 874731, at *9 (S.D.N.Y. Mar. 24, 2022). Further, because Eshelby, individually, does not state a claim as to the products she did purchase, no such claims can be maintained on behalf of the putative class. *See Lugones*, 440 F. Supp. 3d at 236–39; *Okla. Police Pension & Ret. Sys. v. U.S. Bank Nat'l. Ass'n*, 986 F. Supp. 2d 412, 420 (S.D.N.Y. 2013); *Fermin*, 215 F. Supp. 3d at 213.

Finally, Eshelby's claim for injunctive relief is DISMISSED. To obtain injunctive relief, a plaintiff must show "a sufficient likelihood that [she] will again be wronged in a similar way."

---

[5] Because the Court's analysis under Rule 12(b)(6) is sufficient to dismiss Eshelby's California state law claims, the Court need not address L'Oréal's arguments under Rule 9(b). *See* Def. Mem. at 13–15.

*Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012) (citation omitted). Allegations of possible future injury are insufficient. *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 355–56 (S.D.N.Y. 2020); *see also Berni v. Barilla S.p.A.*, 964 F.3d 141, 147 (2d Cir. 2020). An alleged intent to purchase a product if it is changed or remarketed, as Eshelby alleges here, Am. Compl. ¶¶ 57–58, does not show a "real or immediate threat of future injury." *Duran*, 450 F. Supp. at 356; *see also Hesse*, 463 F. Supp. 3d at 465.

Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), granting leave "is within the sound discretion of the district court," *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (quotation marks omitted). Here, Eshelby has amended her complaint once and requests leave to amend to add allegations regarding the results of her consumer survey, which, as stated above, would be futile. *See* Pl. Opp. at 19. Because amendment would be futile, the Court declines to grant leave to amend. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Twohig*, 519 F. Supp. 3d at 168–69.

## CONCLUSION

For the foregoing reasons, L'Oréal's motion to dismiss is GRANTED and Eshelby's request for leave to amend the complaint is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 35 and close the case.

SO ORDERED.

Dated: March 27, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge